**SO ORDERED.**

**SIGNED this 19th day of March, 2020.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

**DESIGNATED FOR ONLINE PUBLICATION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE:** | |
| **LORENZO CHAVIRA JR.** | **Case No. 20-10201** |
| | **Chapter 7** |
| **Debtor.** | |

## ORDER DENYING WAIVER OF CREDIT COUNSELING BRIEFING AND PERSONAL FINANCIAL MANAGEMENT INSTRUCTIONAL COURSE

To be eligible for chapter 7 relief, most individual debtors must first receive

consumer credit counseling within 180 days before filing. Individual debtors cannot

receive a discharge unless they complete a personal financial management

instructional course during the case. Debtors who labor under a physical disability

or are incapacitated are excused from these obligations as are debtors on active

duty with the armed forces. Unless they are "so physically impaired as to be unable,

1

after reasonable effort," to participate in a telephonic or internet briefing, incarcerated debtors do not qualify for the "disability" exception.[1]

Debtor Lorenzo Chavira, Jr., who is incarcerated at the Norton Correctional Facility (NCF), seeks a waiver of the credit counseling requirement under § 109(h)(4), to which the United States Trustee objects.[2] A hearing was held on March 11, 2020 that debtor did not attend due to his incarceration. Absent his alleging that he is physically incapable of attending a telephonic or Internet counseling session or that he is without physical access to a telephone or the Internet, I cannot waive these requirements and, instead, direct that Mr. Chavira complete credit counseling and the financial management instructional course, as set forth below.[3] Otherwise, his chapter 7 petition will be dismissed.

Very few courts have excused incarcerated debtors from obtaining a credit counseling briefing or completing a personal financial management course. "Although the court is sympathetic to debtor's situation, his incarceration is not within the meaning of 'disability' intended by Congress when they drafted § 109(h)(4), and therefore debtor does not meet the exception for permanent waiver

---

[1] 11 U.S.C. § 109(h)(4) (defining "disability" for the purpose of waiving the credit counseling requirement).

[2] Doc. 3, 9.

[3] The Court also notes that on March 17, 2020, Mr. Chavira's § 341 meeting was continued indefinitely. *See* Doc. 24.

pursuant to § 109(h)(4)."[4] Only one has equated imprisonment with disability.[5] In that case, the debtor was held at a work camp where he only had once-a-week phone privileges that were limited to calling family. He had no internet access. That court concluded the debtor was "disabled" and excused his compliance.[6]

In previous cases, I have declined to excuse incarcerated debtors from compliance with § 109(h)(1)'s and § 727(a)(11)'s requirements, but I have allowed such debtors additional time to comply and attempted to aid that effort by directing the correctional authorities to afford them access to a telephone or internet-connected computer to complete the tasks within a defined time period.[7] While requiring a debtor with no assets or income and considerable unsecured debt to do this seems onerous, many unconfined debtors could fashion a similar argument. Section 109(h)(4) simply doesn't give me the latitude to permit a waiver in this instance.

Accordingly, the debtor's request to waive these requirements is DENIED. Debtor must comply not only with the § 109(h)(1) consumer credit counselling requirement, but must also complete a personal financial management instructional course as described in § 111(d). That is a prerequisite to his being eligible for a

---

[4] *In re Star,* 341 B.R. 830, 831 (Bankr. E.D. Va. 2006). *See also In re Hubel,* 395 B.R. 823, 826 (N.D.N.Y. 2008); *In re Rendler,* 368 B.R. 1, 4 (Bankr. D. Minn. 2007); *In re Ruckdaschel,* 364 B.R. 724, 729 (Bankr. D. Idaho 2007); *In re McBride,* 354 B.R. 95, 99 (Bankr. D. S.C. 2006); *In re Bindus,* No. 08–62456, 2008 WL 2902567, at *2 (Bankr. N.D. Ohio July 28, 2008); *In re Cox,* No. 07–10787, 2007 WL 4355254, at *2 (Bankr. M.D. Ga. Nov. 29, 2007).
[5] *See In re Lee,* No. 08-30355, 2008 WL 696591, at *1–2 (Bankr. W.D. Tex. Mar. 12, 2008).
[6] *Id.* at *2.
[7] *See, e.g., In re Murch,* No. 19-10007, doc. 13 (Bankr. D. Kan. Jan. 8, 2019).

discharge under § 727(a)(11). Because the debtor advises that he will be released from prison on April 19, 2020, I see little need to burden or impose on correction officials to provide debtor access to a prison telephone or internet while incarcerated. Instead, debtor is ordered to obtain credit counselling and complete a personal financial management instructional course **on or before April 30, 2020**, after his release.

**The Clerk will serve this Order via first-class mail on the debtor as follows:**

Lorenzo Chavira, Jr. (Inmate #0119734)
Norton Correctional Facility
P.O. Box. 546
Norton, KS 67654-0546

**Failure to comply with this Order may result in debtor's bankruptcy case being dismissed without further notice.**

# # #

4